WALDO D. PUTNAM, Respondent, *v.* INTERIOR METAL MANUFACTURING COMPANY, Appellant.

**Warranty — when error to exclude evidence tending to show breach of warranty.**

Where in an action to recover for goods sold the answer sets up a counterclaim alleging breach of warranty and the reply does not deny that there was such a warranty it is error to exclude evidence which tended to show that the articles furnished were not fit and proper for the purposes intended.

*Putnam* v. *Interior Metal Mfg. Co.*, 173 App. Div. 967, reversed.

(Submitted November 19, 1918; decided December 10, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department,

entered May 26, 1916, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry Smith* for appellant. The exclusion of parol evidence of the warranty admitted by the pleadings was reversible error. (*Thomas* v. *Scutt,* 127 N. Y. 133; *Studwell* v. *Bush Co.,* 126 App. Div. 818; 206 N. Y. 416; *Getty* v. *Town of Hamlin,* 46 Hun, 1; *Dale* v. *Gilbert,* 128 N. Y. 625; *Chapin* v. *Dobson,* 78 N. Y. 74; *Lese* v. *Lamprecht,* 196 N. Y. 32; Wigmore on Ev. § 2430; *Vaughn Machine Co.* v. *Lighthouse,* 64 App. Div. 138; *Foot* v. *Bentley,* 44 N. Y. 166; *De Jonge & Co.* v. *Printz,* 49 Misc. Rep. 112.)

*Joseph H. San* for respondent. The court properly excluded the evidence which the defendant attempted to introduce in support of the warranty alleged in its answer. (*Corse* v. *Peck,* 102 N. Y. 513; *Becker* v. *Higgins,* 21 N. Y. 397; *Pollen* v. *Le Roy,* 30 N. Y. 549; *Lese* v. *Lamprecht,* 196 N. Y. 32.)

Cuddeback, J. The action was brought to recover the sum of about $800, a balance due on the sale by the plaintiff to the defendant of certain Norton elevator door checks and closers.

The answer set up a breach of warranty that the appliances were fit and proper for the purposes intended. The answer further set up a counterclaim based mainly on a breach of warranty. The reply did not deny that there was such a warranty; therefore, it stood admitted.

The trial court directed a verdict in favor of the plaintiff and dismissed the counterclaim. That determination has been unanimously affirmed at the Appellate Division.

On the trial evidence which tended to show that the

articles furnished were not fit and proper for the purposes intended was excluded.

It is plain that with the warranty admitted by the pleadings the defendant could show a breach of the warranty. Therefore, there was error in the court's ruling which led to the dismissal of the defendant's counterclaim and to the direction of a verdict against him for the full amount of the plaintiff's demand.

We are constrained to reverse the judgment appealed from.

The judgment should be reversed and a new trial granted, costs to abide the event.

HISCOCK, Ch. J., COLLIN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.